[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a long-running dispute between next-door neighbors on Prescott Lane (also known as Prescott Street) in Greenwich, involving the parking of motor vehicles and the construction of a fence. The plaintiffs are Virgil Baldi and his wife, Janet Baldi, who reside on the north side of the street at 2 Prescott Lane, a private road which runs to the east off Lake Avenue in Greenwich. The defendants were Harry Novick, who is now deceased, and his wife, Lydia Novick, hereinafter referred to as the defendant. Mrs. Novick resides at 3 Prescott Lane, to the east of the plaintiffs' property, in the last house on this dead-end street.[1]
The judicial history of this controversy began in October, 1983, when the plaintiffs sought to enjoin Mrs. Novick and her late husband from trespassing on their property, from interfering with the quiet enjoyment of their property, and from obstructing their use of Prescott Lane. On November 15, 1983, the parties agreed on a stipulation, which was entered as a judgment on that same date by Judge Dean. The stipulation and judgment provided CT Page 4629 that: (1) a six foot high stockade fence was to be constructed along the boundary line between the two properties, the cost thereof to be shared equally by the parties; and (2) the property line between the two lots, which became known as the "2909 line," would be deemed extended to the south across Prescott Lane, and the plaintiffs were prohibited from parking to the east of this line, and the defendants were enjoined from parking to the west thereof.
This neighborhood dispute was again brought to court in 1992, when the plaintiffs moved to hold the Novicks in contempt for allegedly violating the judgment entered by Judge Dean.[2] The matter was referred to Judge Rush, who issued two memoranda of decision, dated December 16, 1992 and September 7, 1993, respectively. The first decision stated that the court found that "the defendants knowingly, willfully and intentionally parked a vehicle, for a period of years, westerly of the boundary line as extended, in violation of the 1983 order of the court." The court awarded to the plaintiffs "the sum of $2,500 which was paid by the plaintiffs to their attorneys to prosecute the present contempt proceeding. Such an award is made merely to compensate the plaintiffs for the damages incurred as a result of the actions of the defendants."
Judge Rush's second decision in 1993 ruled that the defendants were not at that time in willful contempt of the 1983 order. The court also referred to a "claim" by the Novicks that they owned property on the south side of Prescott Lane, but further ruled that the defendants had not introduced "sufficient evidence . . . to determine the exact boundary lines of the defendants' property, if any, on the southerly side of Prescott Lane." The court reiterated the 1983 order that the defendants were not to park "across the extended boundary line and near the center of Prescott Lane."
The Novicks appealed this finding of contempt to the Appellate Court which dismissed Mrs. Novick's appeal on February 24, 1993, since her late husband, who was not an attorney, purported to represent her. The Appellate Court, per curiam, affirmed Judge Rush's finding of contempt of the 1983 order in31 Conn. App. 933, 626 A.2d 1339 (1993), and certification of Mr. Novick's pro se appeal was denied by the Supreme Court in227 Conn. 918, 632 A.2d 689 (1993).
The suit was brought back to court this past year on motion CT Page 4630 (#228) of the plaintiffs claiming that Mrs. Novick is in contempt of court for failure to adhere to the parking agreement and subsequent judgment entered by Judge Dean because she allegedly parked to the west of the so-called 2909 Line, and also for her alleged blocking and preventing the plaintiffs from parking in front of their home. The plaintiffs also contend that the defendant deliberately damaged the fence between the two properties which was constructed pursuant to court order. In addition, the plaintiffs also sought (motion #228) attorney's fees for their successful opposition to Mr. and Mrs. Novick's appeal to the Appellate Court and petition for certification. The defendant contends that the plaintiffs are blocking her from access to her home because they park in such a way as to prevent the defendant from getting by their vehicles. The defendant also contends that the plaintiffs constructed a second fence, a chain link fence, along the property line in violation of Judge Dean's order.
With respect to the parking issue, a survey by Raymond Redniss, a registered engineer and surveyor, discloses that Mrs. Novick owns property along the southerly portion of the private lane.[3] Judge Rush pointed out in his memorandum of decision of September 7, 1993, that he was not deciding whether the Novicks could park their motor vehicles in this area because of a lack of proof of ownership. This issue has been clarified by the Redniss survey. It follows that Mrs. Novick should not be and cannot be prohibited from parking on her own property situated to the south of the plaintiffs' property, and that no one else has any right to travel upon or use said 2nd Tract for any purpose including as a turn-around. Mrs. Novick may park on property that she owns south of Prescott Lane, and not any other place, except in accordance with Judge Dean's order of November 15, 1983.
The next issue is whether either the plaintiffs or the defendant is in contempt of court for failure to follow the judgment entered by Judge Dean upon stipulation. The matter of parking had been somewhat obscured by the issue of title to the portion of land to the south of Prescott Lane, which has now been clarified by the Redniss survey. In addition, Prescott Lane as depicted on Map 2909 is not precisely as it was actually constructed and is being used, which again complicates this controversy. In any event, none of the parties is being found in contempt, but the original stipulated judgment remains in effect, and therefore the defendant is not to park to the west of the 2909 line, except, as indicated previously, on her own property, CT Page 4631 so-called tract B. In like manner, the plaintiffs are not to park any vehicle to the east of said 2909 line. Neither the plaintiffs or the defendant is to park so as to interfere with the other's right of access to their respective properties. The plaintiffs are to park parallel to their property and not more than one and a half feet or 18 inches from the belgian block curbing along their property.
As to the chain link fence erected by the plaintiffs in 1995, this fence is entirely on their property and does not interfere with or relate to the fence that was the subject of Judge Dean's stipulated judgment. Therefore, the court is not issuing any order with respect thereto.
The plaintiffs also seek reimbursement for the legal fees incurred in connection with their successful opposition to the appeal by the Novicks of Judge Rush's order finding them in contempt of Judge Dean's 1983 order. As the defendant points out, however, Mrs. Novick's appeal was dismissed because her late husband's purported appearance on her behalf was stricken. Mr. Novick's own pro se appeal was the subject of an appeal to the Appellate Court, a request to that court for a rehearing of its dismissal of his appeal, and then his request to the Supreme Court for certification, all of which were denied. Thus, the plaintiffs' claim for attorney fees is in reality directed to Mr. Novick's own unsuccessful appeal. However, Mr. Novick died in April, 1994, and there has not been a claim filed against his decedent's estate. Accordingly, the plaintiffs' request for attorney's fees directed against the defendant Mrs. Novick is denied.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of June, 1996.
William B. Lewis, Judge